In the matter of the application of the state highway commission of the State of New Jersey for the payment of certain moneys into the court of chancery as payment for the taking for public use of lands of THE FALK REALTY COMPANY, a corporation of New Jersey.

[Decided March 17th, 1936.]

*Mr. Louis B. LeDuc,* for the Falk Realty Company and Milton C. Nurock, exceptants.

*Mr. Oscar B. Redrow,* for G. Alvin Tombleson et al., executors, &c., opposed.

DAVIS, V. C.

The state highway commission of the State of New Jersey, under the provisions of an act entitled "An act to establish a state highway system and to provide for the improvement, betterment, reconstruction, resurfacing, maintenance, repair and regulation of the use thereof" (*P. L. 1917 ch. 14*), and by virtue of "An act to regulate the ascertainment and payment of compensation for property condemned or taken for

public use" (Revision of 1900; *2 Comp. Stat. p. 2182*), took possession in July, 1932, for state highway purposes, of certain lands in Monroe township, Gloucester county, New Jersey, owned by Falk Realty Company, upon which G. Elvin Tombleson and First National Bank and Trust Company of Blackwood, New Jersey, executors of the estate of Samuel E. Tombleson, deceased, hereafter referred to as "Tombleson Estate," held mortgages.

The commission, on September 30th, 1932, filed a petition for the condemnation of these lands, and on December 22d, 1932, Tombleson Estate instituted foreclosure proceedings upon these two mortgages, upon one of which the principal sum of $6,400 was due and on the other of which the principal sum of $7,600 was due. One of said mortgages covered part of the lands so taken and condemned by the commission and the other covered the remaining part. The commissioners in condemnation were appointed on January 1st, 1933, by Hon. Frank T. Lloyd, justice of the supreme court, and on March 17th, 1933, the commissioners awarded the sum of $3,400 for the land, from which award appeals were taken but afterward dismissed, and on June 12th, 1934, the state highway commission, by virtue of an order of the court of chancery, paid into that court the amount of the commissioners' award of $3,400, with interest of $309.07, making a total of $3,709.07, and gave notice of such payment to the parties interested.

In the foreclosure suit, Falk Realty Company filed an answer and counter-claim alleging the making of a certain agreement by which Tombleson Estate was to release the lands taken by the state highway commission upon the payment of a certain consideration, together with certain other claims, and prayed that the Tombleson Estate should be restrained from proceeding with the foreclosure proceedings and for other relief. At the final hearing the cause was decided in favor of the complainants and by the final decree the mortgaged premises, which included the lands taken by the state highway commission, were directed to be sold to satisfy and pay the mortgage indebtedness of Tombleson Estate which aggregated approximately $16,000. The prem-

ises were sold to the Tombleson Estate for the sum of $100 on November 24th, 1933. Objections were filed to the confirmation of such sale by Falk Realty Company and upon hearing on motion to dismiss objections, an order confirming the sale was made on December 26th, 1933, conditioned that no proceeding in a court of law should be prosecuted to recover a judgment for any deficiency in the amount of the decree in the cause. A deed was afterward delivered to the Tombleson Estate for the mortgaged premises. Afterwards, on June 30th, 1934, the Tombleson Estate filed a petition in this court, which petition set forth the mortgages held by the Tombleson Estate on these premises and the foreclosure proceedings thereof, and alleged that by reason thereof the Tombleson Estate were owners of the fee of the lands taken in the condemnation proceedings and entitled to the full amount of the moneys so deposited by the state highway commission. An order was thereupon made referring the matter to Hon. Lewis Starr, special master, to ascertain and report to whom the moneys should be paid. On behalf of Falk Realty Company and Milton C. Nurock claims were made, by the former as owner and by the latter as a solicitor. The special master died after taking testimony and before making his report, and Hon. William T. Boyle was then designated as special master to report, and afterward to further report on a matter not disposed of in his first report. By the master's report and supplemental report, he found that part of the moneys should be paid to the township of Monroe on account of the taxes and the remaining part to the Tombleson Estate. To these reports, exceptions have been filed which raise two questions; first as to whether the Falk Realty Company, the owner at the time of the condemnation, or the Tombleson Estate, mortgagee, who foreclosed the mortgages, is entitled to the money paid into court by the state highway commission, and secondly, if Tombleson Estate, mortgagee, should prevail, whether Milton C. Nurock, counsel for the Falk Realty Company who claimed that his efforts produced the fund, is not entitled to compensation for his services and disbursements.

So far as the payment of the taxes to the township of Monroe is concerned, it was stipulated in open court that the exception to making such payment should be dismissed.

The state highway commission was a party defendant in the foreclosure proceeding, a decree *pro confesso* was taken against it, consented to by the attorney-general, and under foreclosure proceedings the lands condemned were sold to Tombleson Estate. It will be noted that the moneys awarded by the commissioners in the condemnation proceedings were not paid into court until some months after the sale of the mortgaged premises and the conveyance of the same by sheriff's deed to Tombleson Estate. The moneys paid into this court represent the lands taken under condemnation proceedings; the sale of these lands made in the foreclosure proceedings could not operate to take away from the state highway commission, such lands, but even though such sale might be a nullity so far as the state highway commission is concerned, the lien of the mortgage of the Tombleson Estate was transferred from the land to the money in court representing the land, and that lien was not lost by the attempted foreclosure and sale, and purchase by the mortgagee, whether or not such proceedings were effective to bar the equity of redemption of Falk Realty Company, mortgagor. *Mount* v. *Manhattan Co., 43 N. J. Eq. 25; affirmed, 44 N. J. Eq. 297.*

The exceptants contend that the Tombleson Estate has no claim upon the fund because at the time of the filing of the petition the estate claimed to be the owner of the lands so condemned by reason of the foreclosure. Certainly at the time of the foreclosure proceedings and for some time after their conclusion, no money had been paid into court to represent the land, and it seems to me immaterial in what capacity the claim was made by the Tombleson Estate, whether as owner or mortgagee. The sale under foreclosure left a large deficiency over and above the amount realized by the sale and the full amount of the award by the commissioners to satisfy the decree under the foreclosure proceedings and it is apparent that Falk Realty Company cannot be heard to claim the money in good conscience until it offers to pay the decree of the mortgagee. The mortgagee is first entitled to be paid.

As between the Tombleson Estate and Falk Realty Company, their rights were determined in the foreclosure proceedings, and the decree fixed the amount due the Tombleson Estate upon its mortgages. Tombleson Estate has the superior right to have the condemnation money applied to the payment of the mortgage debt in exoneration of the land taken by the condemnation. *Platt* v. *Bright, 31 N. J. Eq. 81.*

As to the claim of Milton C. Nurock, counsel for the Falk Realty Company, for a lien upon the moneys paid into court, it has been determined that he represented the Falk Realty Company and such services as he rendered would enure to the benefit of that company, the owner of the lands, and in the absence of any proof that he represented the Tombleson Estate, he must look for payment of his fees for services rendered in the condemnation proceedings, to his client, the Falk Realty Company. Any lien which he might have cannot attach to the moneys payable to the Tombleson Estate. The exceptions to the master's reports will be dismissed and the reports confirmed.